IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| THOMAS SAXTON, IDA SAXTON, BRADLEY PAYNTER,<br><br>Plaintiffs,<br><br>vs.<br><br>THE FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation, MELVIN L. WATT, in his official capacity as Director of the Federal Housing Finance Agency, and THE DEPARTMENT OF THE TREASURY,<br><br>Defendants. | No. C15-0047<br><br>ORDER REGARDING FILING ADMINISTRATIVE RECORD |

This matter comes before the Court on the Motion to Stay Submission of Proposed Scheduling Order Regarding Filing of Administrative Record (docket number 18) filed by the Defendants on August 26, 2015, the Response (docket number 21) filed by the Plaintiffs on September 14, and the Reply (docket number 22) filed by the Defendants on September 22. Defendants ask that they not be required to file the administrative record until after the Court rules on their pending motions to dismiss. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. BACKGROUND

On May 28, 2015, Plaintiffs Thomas Saxton, Ida Saxton, and Bradley Paynter filed a complaint seeking declaratory and injunctive relief and damages against Defendants

Federal Housing Finance Agency ("FHFA"), its director, Melvin L. Watt, and the Department of the Treasury ("Treasury"). In their five-count complaint, Plaintiffs allege Defendants unlawfully adopted a "Net Worth Sweep to expropriate for the federal government the value of Fannie and Freddie shares held by private investors."

Both sides believe the case can be disposed of summarily. Defendants timely filed motions to dismiss on September 4, 2015. The deadline for Plaintiffs to file a resistance is October 26, with Defendants' replies due not later than November 23. Plaintiffs intend to file a "cross-motion" for summary judgment.

The parties disagree, however, on the manner in which the case should proceed. In their motion for stay, Defendants ask the Court to "defer consideration of whether and when an administrative record should be filed" until after it has ruled on the motions to dismiss. Plaintiffs intend to seek summary judgment, and argue they "should be permitted to respond to the motions to dismiss by cross-moving for summary judgment." Plaintiffs claim the administrative record "would support the factual predicate for Plaintiffs' summary judgment motion."

## II. DISCUSSION

In an action for judicial review based on an administrative record, Local Rule 16.i requires the parties to confer and submit a proposed scheduling order within 90 days after the filing of the complaint, setting forth deadlines for the filing of the administrative record and briefs. Defendants argue that their motions to dismiss may be decided without reference to the administrative record and, therefore, they should be spared the time and effort of compiling the administrative record at this time. According to Defendants, "FHFA was not required to — and did not — create or maintain an administrative record" relating to the so-called Third Amendment to the agreement with Treasury, which authorized the "net worth sweep." Defendants also worry that production of an administrative record would inevitably lead to disputes regarding the completeness of the

2

administrative record and would "threaten to derail the briefing schedule" for the motions to dismiss.[1]

In response, Plaintiffs assert that if Defendants file an administrative record which is substantially similar to those they have already filed in other cases, "that will be enough to enable Plaintiffs to present the dispositive legal arguments they contemplate making in a motion for summary judgment."[2] That is, Plaintiffs pledge in their resistance that they "will raise any concerns they have about the completeness of the records concurrently with their motion for summary judgment, and in no event will Plaintiffs seek discovery into the adequacy of the record for the resolution of the motions to dismiss."[3]

In their motions to dismiss, Defendants argue that Plaintiffs' claims are precluded by the Housing and Economic Recovery Act ("HERA"), which established FHFA as an independent agency to supervise and regulate Fannie Mae and Freddie Mac. Judge Royce C. Lamberth addressed similar issues in *Perry Capital LLC v. Lew*, 70 F. Supp. 3d 208

---

[1] In ruling on a motion to compel in a similar action, United States Magistrate Judge Ross A. Walters recognized similar concerns:
> The time necessary to put together an administrative record, the inevitable disputes about its adequacy, requests for additional discovery at which [the plaintiff] hints, and the time required to digest and incorporate the administrative record in what promises to be extensive briefing, all portend months of delay in resolving the motions to dismiss to no obvious benefit or purpose.

*Continental Western Ins. Co. v. The Federal Housing Finance Agency, et al.*, No. 4:14-cv-00042-RP-RAW (S.D. Iowa Aug. 5, 2014).

[2] Plaintiffs' Response (docket number 21) at 5.

[3] *Id.* at 2.

(D.D.C. 2014).[4] Judge Lamberth concluded that challenges to the Third Amendment, permitting the net worth sweep, were prohibited by the language adopted by Congress in HERA. *Id.* at 246 ("HERA's unambiguous statutory provisions, coupled with the unequivocal language of the plaintiffs' original GSE stock certificates, compels the dismissal of all of the plaintiffs' claims.").[5]

Defendants recognize that in considering their motions to dismiss, the Court must assume the truth of all of the allegations contained in the detailed 49-page complaint. Defendants contend that they are nonetheless entitled to summary dismissal of the complaint. In their response, Plaintiffs concede that if the Court accepts the truth of the allegations in the complaint and "ignores substantial portions of the motions to dismiss at odds with the Complaint's factual allegations," then the Court can adjudicate the motions to dismiss "without consulting an administrative record."[6] Nonetheless, Plaintiffs argue that the "most efficient course" is to require the filing of an administrative record and then consider Plaintiffs' motion for summary judgment together with Defendants' motions to dismiss.

Having thoroughly reviewed the file and the authorities cited by counsel, I conclude the Court should first consider Defendants' motions to dismiss. Both sides agree that in considering the motions to dismiss, the Court must assume the truth of the allegations set

---

[4] The Court notes that the case was before the court on motions to dismiss or, in the alternative, motion for summary judgment filed by the defendants, as well as a cross-motion for summary filed by the plaintiffs. 70 F. Supp. 3d at 213-14.

[5] Judge Robert W. Pratt dismissed similar claims in *Continental Western Ins. Co. v. Federal Housing Finance Agency*, 83 F. Supp. 3d 828 (S.D. Iowa, 2015). There, the Court concluded that Continental Western's complaint must be dismissed on the basis of issue preclusion, because its parent corporation was a plaintiff in the *Perry Capital* litigation.

[6] Plaintiffs' Response (docket number 21) at 3.

forth in the complaint. Furthermore, assuming the truth of the allegations in the complaint, both sides agree the issues raised in Defendants' motions to dismiss may be addressed without resort to an administrative record.[7] Accordingly, I find the requirement for filing an administrative record may be stayed pending the Court's resolution of the motions to dismiss. If the motions to dismiss are denied, then the Court will set a deadline for filing the administrative record and, presumably, the parties will file motions for summary judgment.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Stay Submission of a Proposed Scheduling Order Regarding the Filing of an Administrative Record (docket number 18) is **GRANTED**. Defendants are not required to file an administrative record until after the Court has ruled on the pending motions to dismiss.

DATED this 2nd day of October, 2015.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[7] In *Perry Capital*, Judge Lamberth concluded that the administrative record was "irrelevant" to a determination of whether HERA permitted a challenge to the Third Amendment. 70 F. Supp. 3d at 225-26. Judge Walters reached the same conclusion in ruling on the plaintiff's motion to compel in the *Continental Western* case. *See* Defendants' Motion to Stay, Ex. A at 6 (docket number 18-2 at 6).