# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| THOMAS SAXTON et al., | |
| Plaintiffs, | No. 15-CV-47-LRR |
| vs. | **ORDER** |
| FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation et al., | |
| Defendants. | |

The matter before the court is Plaintiffs' "Motion to Stay Briefing on Motions to Dismiss" ("Motion to Stay") (docket no. 31), which they filed on October 19, 2015. In the Motion to Stay, Plaintiffs seek expedited relief and request that the court stay proceedings on Defendants' Motions to Dismiss (docket nos. 19, 20). Pursuant to Chief Magistrate Judge Jon Scoles's July 13, 2015 Order (docket no. 12), Plaintiffs' Resistances to Defendants' Motions to Dismiss are due by no later than October 26, 2015. *See* July 13, 2015 Order at 2.

On October 15, 2015, Fairholme Funds, Inc. ("Fairholme") filed a motion seeking leave to file a brief as amicus curiae "in support of Plaintiff's opposition to Defendants' [M]otions to [D]ismiss" ("Fairholme Motion") (docket no. 29). In the Fairholme Motion, Fairholme claims that, in litigation in the Court of Federal Claims that is similar to the instant action, it "has obtained a number of documents and other materials that are directly relevant to issues before th[e] [c]ourt and that show that Defendants' litigation-driven rationales for the Net Worth Sweep are highly misleading." Brief in Support of the Fairholme Motion (docket no. 29-1) at 1-2.

In light of the Fairholme Motion, Plaintiffs filed the Motion to Stay. They indicate that if the documents procured by Fairholme in the Court of Federal Claims case are material to the instant action, they would "very likely" seek leave to amend the Complaint (docket no. 1). Brief in Support of Motion to Stay (docket no. 31-1) at 2. In order to access and review the Fairholme materials at issue, Plaintiffs must petition the Court of Federal Claims for access to such materials, which are currently under a protective order. *Id*. "Plaintiffs intend to petition the Court of Federal Claims for such access forthwith." *Id*. If Plaintiffs are able to access the Fairholme materials, they indicate that they will decide whether to amend the Complaint within two weeks. *Id*. at 3. Because the amended complaint would supersede the original Complaint and render the Motions to Dismiss moot, Plaintiffs argue that "[i]t would be highly inefficient to expend additional resources litigating whether to dismiss a complaint that may soon become obsolete." *Id*.

Initially, the court notes that Defendants have not yet filed a Resistance to the Motion to Stay. However, because Plaintiffs have requested expedited relief, the court will rule on the Motion without waiting for any Resistance pursuant to Local Rule 7(e). *See* LR 7(e) ("[I]f circumstances . . . warrant, the court may elect to rule on a motion without waiting for a resistance or response."). The court finds that a stay is not warranted in the instant action. The mere fact that Plaintiffs may or may not be granted access to documents under a protective order in another case proceeding before another court, and may or may not choose to amend the Complaint based upon that information is not sufficient reason to delay the timely adjudication of Defendants' Motions to Dismiss. Plaintiffs do not provide a sufficiently concrete timeline as to when a potential request to amend the Complaint will occur save that it will occur within two weeks of their access to the Fairholme materials, the date of such access remaining unknown. Accordingly, the Motion to Stay (docket no. 31) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 20th day of October, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA