UNITED STATES JUDICIAL PANEL  C15-47
on
MULTIDISTRICT LITIGATION

IN RE: FEDERAL HOUSING FINANCE AGENCY,
ET AL., PREFERRED STOCK PURCHASE AGREEMENTS
THIRD AMENDMENT LITIGATION                          MDL No. 2713

ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendant Federal Housing Finance Agency (FHFA)—conservator for Federal Home Loan Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac)—moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of District of Columbia. This litigation consists of four actions pending in four districts, as listed on Schedule A. Additionally, the Panel has been notified of four potentially related actions pending in three districts. Defendants, Jacob Lew, in his official capacity as Secretary of the Treasury, and the U.S. Department of the Treasury (the Treasury Department), support the motion. All responding plaintiffs oppose centralization. Plaintiffs in three actions alternatively suggest centralization in the Eastern District of Kentucky. These plaintiffs, and plaintiffs in the District of Delaware action also alternatively suggest exclusion of the District of Delaware action. A preferred stock investor in Fannie Mae and Freddie Mac, who has served a demand letter on the companies' boards, argues that his prospective claims are distinguishable from the actions before the Panel.

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These actions arise from the agreement in August 2012 between FHFA and the Treasury Department to enter into the third amendment of their preferred stock purchase agreement. Specifically, most plaintiffs allege that the third amendment constituted a *de facto* nationalization of Fannie Mae and Freddie Mac that extinguished the private shareholders' economic interests in the companies by replacing a fixed quarterly dividend with a variable dividend equal to Fannie Mae's and Freddie Mac's quarterly earnings, if any, less a small and decreasing capital reserve.

Plaintiffs opposing centralization argue that there are not sufficient common disputed facts to warrant centralization, and that discovery will be minimal. Defendants have not persuasively refuted these arguments. We have held that, "where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate." *In re: Lifewatch, Inc., Tel. Consumer Prot. At (TCPA) Litig.*, __ F. Supp. 3d __, 2015

---

[*] Judge Marjorie O. Rendell, Judge Lewis A. Kaplan, and Judge Catherine D. Perry took no part in the decision of this matter.

-2-

WL 6080848, at *1 (J.P.M.L. Oct. 13, 2015). Defendants have not met that burden here, where just four actions are pending involving primarily common legal, rather than factual, issues. While FHFA has notified the Panel of four potentially-related actions, these actions differ in significant ways from the actions on the motion. Two actions do not name FHFA or the Treasury Department as defendants, but rather are brought against the auditors of Fannie Mae and Freddie Mac. The other two actions are "books and records" actions, which plaintiffs argue are expedited proceedings that will be slowed down by the pace of centralized proceedings. Were there a stronger case for centralization here—a larger number of cases or a great deal of overlapping discovery—these differences in a small number of potential tag-along actions might be less significant. But as it stands, they lend weight to the conclusion that centralization is not appropriate.

Defendants' arguments supporting centralization focus largely on the threshold jurisdictional issues that will be present in all actions. In each action, defendants will argue that the Housing Economic Recovery Act of 2008 bars judicial review of the third amendment, and that plaintiffs lack standing because FHFA has succeeded to "all rights, titles, powers, and privileges" of shareholders. *See* 12 U.S.C. §§ 4617(f), 4617(b)(2)(a)(i), (f). But these are common legal, rather than factual, questions, and we have held that "[m]erely to avoid two federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization." *In re: Medi–Cal Reimbursement Rate Reduction Litig.*, 652 F. Supp. 2d 1378, 1378 (J.P.M.L.2009). We also have held though that litigation involving common legal questions is appropriate for centralization when it will eliminate duplicative discovery and prevent inconsistent pretrial rulings, including with respect to identification of an underlying administrative record. *See In re: Polar Bear Endangered Species Act Listing and § 4(d) Rule Litig.*, 588 F. Supp. 2d 1376, 1377 (J.P.M.L. 2008). That is not the case here. Whether these actions will share disputes regarding the sufficiency of the administrative record is purely hypothetical. Moreover, several plaintiffs already have been provided with relevant discovery in a similar action pending in the Court of Federal Claims, making further discovery in these actions potentially unnecessary.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*[signature: Sarah Vance]*

Sarah S. Vance
Chair

Charles R. Breyer          Ellen Segal Huvelle
R. David Proctor

**IN RE: FEDERAL HOUSING FINANCE AGENCY,**
**ET AL., PREFERRED STOCK PURCHASE AGREEMENTS**
**THIRD AMENDMENT LITIGATION**                          MDL No. 2713

## SCHEDULE A

<u>District of Delaware</u>

JACOBS, ET AL. v. FEDERAL HOUSING FINANCE AGENCY, ET AL.,
   C.A. No. 1:15-00708

<u>Northern District of Illinois</u>

ROBERTS, ET AL. v. FEDERAL HOUSING FINANCE AGENCY, ET AL.,
   C.A. No. 1:16-02107

<u>Northern District of Iowa</u>

SAXTON, ET AL. v. FEDERAL HOUSING FINANCE AGENCY, ET AL.,
   C.A. No. 1:15-00047

<u>Eastern District of Kentucky</u>

ROBINSON v. FEDERAL HOUSING FINANCE AGENCY, ET AL.,
   C.A. No. 7:15-00109